**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

       Plaintiff,

                                                       Criminal No. 03-069 (JNE/JGL) (2)
v.                                              Civil No. 16-2165 (JNE)
                                                   ORDER

JASON THOMAS HASLIP,

       Defendant.

Defendant Jason Thomas Haslip filed a *pro se* motion to vacate under 28 U.S.C. § 2255 [Dkt. No. 463], seeking to vacate his current sentence and to resentence him "without enhancements." The sole ground he asserts in support of this motion is that his sentence violates the new rule of law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Haslip contends that his motion is timely under 28 U.S.C. § 2255(f)(3) because the right he asserts was newly recognized by *Johnson* and has been made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016). *See* Dkt. No. 463, at 11. Thus, he argues, a new one-year statute of limitations began when *Johnson* was decided, and he filed his motion within that one-year window beginning June 26, 2015. The Government argues that *Johnson* unquestionably does not affect Haslip's sentence, § 2255(f)(3) therefore does not supply a fresh statute of limitations, and Haslip's motion is untimely.

The plain language of § 2255(f)(3) contradicts the Government's timeliness argument. § 2255(f)(3) provides that a one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court . . . ." Here, Haslip asserts rights under *Johnson*; whether his assertion is meritorious or not does not change the fact that he makes the assertion, which on its face is all that § 2255(f)(3) requires. It is true that, as the Seventh Circuit observed recently, § 2255(f)(3) does not allow a defendant to cite *Johnson* in name only as a

hook to ask the district court to consider arguments unrelated to *Johnson*. *Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at *2-3 (7th Cir. June 27, 2016) (rejecting as untimely an argument that the district court erred in counting a prior conviction under the "elements clause" of United States Sentencing Guidelines ["Guidelines"] Manual § 4B1.2(a)(1)). Haslip, however, does not make any collateral arguments. He just apparently believes, mistakenly, that *Johnson* applies to his sentence. His motion asserting that ground is timely but, as explained below, clearly unmeritorious.

A short procedural history is necessary. At trial in 2003, a jury found Haslip guilty of one count of conspiracy to distribute and two counts of aiding and abetting possession with intent to distribute ecstasy and methamphetamine. Following the guilty verdict, the Court held a sentencing hearing and imposed a sentence on February 17, 2004. In calculating the applicable range of imprisonment under the Guidelines, the Court determined Haslip's total offense level to be 38. The Court began and, because no adjustments were found to be applicable, ended its offense-level calculation with a base offense level of 38, calculated pursuant to the Guidelines Manual § 2D1.1(c)(2) (Drug Quantity Table). The Court then determined Haslip's criminal history category to be IV, resulting in a range of 324 to 405 months' imprisonment. The Court imposed a sentence at the low end of the Guidelines range: 324 months on two counts and 240 months on a third count, all to be served concurrently. Haslip, who was represented by an attorney through the sentencing process, did not contest the finding that his criminal history level was IV. He then appealed, asserting several issues with respect to his trial and sentencing; the appellate court affirmed. On October 30, 2015, the Court granted Haslip's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), reducing his sentence from 324 to 262 months' imprisonment.

In his § 2255 motion, Haslip argues that the "prior felony convictions used to enhance my sentence are not consistent with *Johnson v. United States* and are unconstitutionally vague." Dkt. No. 463, at 4.  Haslip misunderstands the applicability of *Johnson*; that decision does not affect his sentence.  In *Johnson*, the Supreme Court held that a specific portion—the so-called "residual clause"—of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2563.  The ACCA increases the mandatory minimum sentence for a defendant who "violates section 922(g)" of Title 18 of the United States Code (relating to firearm possession) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1).  The "residual clause" that the Supreme Court held was unconstitutional is found in the statute's definition of "violent felony."  *Id.* § 924(e)(2)(B)(ii). Unlike the defendant in *Johnson*, however, Haslip was not sentenced under the ACCA, so its holding does not obviously apply.  Some defendants have, in the wake of *Johnson*, argued that like the ACCA's "residual clause," a similar clause in the Guidelines' definition of a "crime of violence" in § 4B1.2(a)(2) is also unconstitutionally vague.  Whether that argument has merit is an open question in this circuit, *see United States v. Robinson*, No. 15-1697, 2016 WL 3407698, at *1 (8th Cir. June 21, 2016), but it too has no relevance to Haslip's sentence, because the Court applied Guidelines Manual § 2D1.1(c)(2) in calculating Haslip's offense level, not § 4B1.2. Haslip was found guilty of and sentenced for drug-related offenses, and his Guidelines calculation rested on an offense level based on the amount of drugs involved in his offenses. Nothing about his sentencing relates to possessing a firearm or committing a violent crime, which is what the "residual clause" concerns.  *Cf. Stanley*, 2016 WL 3514185, at *1 (explaining that *Johnson* "does not have anything to do with the proper classification of drug offenses" under the ACCA).

The only way in which Haslip's "prior felony convictions" had any bearing on this Court's sentencing was in determining his criminal history category of IV.  The Court's determination of Haslip's criminal history category did *not* involve the application of the Career Offender provisions of the Guidelines Manual § 4B1.1 or the Armed Career Criminal provisions of § 4B1.4.  Haslip thus does not even have a colorable argument that *Johnson* affected the Court's Guidelines calculations in his sentencing.  *See McKinney v. United States*, No. 2:16-cv-08047-VEH, 2016 WL 3029467, at *2 (N.D. Ala. May 27, 2016) ("[A]lthough his sentencing range increased due to the fact that he had felony convictions, the increase had nothing to do with whether they were 'violent' felonies implicating *Johnson*."); *cf. United States v. Gray*, 622 Fed. Appx. 601, 603 (8th Cir. 2015) (affirming sentence post-*Johnson* where the defendant's criminal history category would have been the same "even without operation of the arguably unconstitutional residual clause of the career offender Guidelines").

As the flood of post-*Johnson*, post-*Welch* § 2255 motions nationwide suggests, Haslip is not alone in his misunderstanding of the implications of *Johnson*.  So it bears stating that *Johnson*'s holding, which specifically concerned the ACCA's "residual clause," was not a wholesale condemnation of the application of the Guidelines or of garden-variety calculations of a defendant's criminal history category like in this case.  Indeed, the Supreme Court has subsequently reaffirmed the significance of the Guidelines calculations in sentencing proceedings.  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

To summarize, Haslip challenges his sentence solely on the grounds that *Johnson* has called it into question, but *Johnson* in no way affected Haslip's sentence, which was determined and imposed based on the amount of drugs involved in his offenses.  Therefore, his motion must be denied.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Haslip has not come close to demonstrating that reasonable jurists would find the rejection of his claim debatable or wrong.  Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Jason Thomas Haslip's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Dkt. No. 463] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 30, 2016                                    s/ Joan N. Ericksen
                                                         JOAN N. ERICKSEN
                                                         United States District Judge